IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN CHARLTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:12-cv-00039-SWW |
| | * | |
| TWIN CITY SHOPPING CENTER, INC., D/B/A TWIN CITY S/C, INC., | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Melvin Charlton brings this action against Twin City Shopping Center, Inc., d/b/a Twin City S/C, Inc. (Twin City), alleging Twin City carelessly and negligently failed to properly maintain a handicap ramp on which he slipped and fell as he exited a Fred's Store in Twin City. Charlton originally filed this action in the Circuit Court of Phillips County, Arkansas but it was removed to this Court by Twin City on the basis of diversity jurisdiction. The matter is now before the Court on motion [doc.#5] of Charlton to remand this action to state court. Twin City has responded in opposition to Charlton's motion to remand and Charlton has filed a reply to Twin City's response. For the reasons that follow, the Court grants Charlton's motion to remand.

Charlton states this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00. He states that although he was billed medical expenses in excess of $75,000.00, those amounts were paid by a collateral source which paid substantially

less than the medicals billed. Charlton state that in consideration thereof, he elected to proceed in state court for less than the amount required for federal diversity jurisdiction. Charlton states that should Twin City, in its response to his motion to remand, admit that it is indebted to him in an amount in excess of that amount required for federal diversity, then this Court would have subject matter jurisdiction, but that currently, he has pled entitlement to an amount less than $75,000.00 and Twin City has denied any indebtedness to him.

In response, Twin City states that because the factual allegations of a complaint informs the jurisdiction inquiry, it is facially apparent that the amount in controversy is far in excess of $75,000.00. Twin City states that Charlton could file a binding stipulation or affidavit that he is seeking less than $75,000.00 but that until he does so, removal is appropriate.[1]

In reply, Charlton essentially agrees with Twin City that the solution to the amount in controversy dispute is for him to file a binding stipulation limiting his recovery and thus states that he "hereby agrees and offers to enter into a Binding Stipulation to limit his recovery to less than $75,000.00."

In light of Charlton's representation, the Court, by Order entered March 22, 2012 [doc.#11], directed that Charlton file a binding stipulation limiting his recovery to less than $75,000.00 on or before March 30, 2012. Charlton has timely filed a Stipulation [doc.#12] stating that he agrees to be bound by his previous request that any judgment he receives shall be in an amount less than that required for federal diversity jurisdiction–$75,000.00. That being so, the Court grants Charlton's motion to remand for lack of diversity jurisdiction.

---

[1] Twin City states that absent a binding stipulation or affidavit, Charlton may attempt to amend his complaint in state court, after the time for removal has passed, to pray for damages in excess of $75,000.00.

IT IS THEREFORE ORDERED that this action be remanded to the Circuit Court of Phillips County, Arkansas.

Dated this 30th day of March 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE